UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROSE MCCLAIN,

    Plaintiff,

v.                                                    Case No. 17-cv-196-pp

US BANKRUPTCY, and
KOHN LAW FIRM,

    Defendants.

---

**ORDER REQUIRING PLAINTIFF TO FILE AN AMENDED COMPLAINT BY MARCH 17, 2017, OR FACE DISMISSAL**

---

On February 13, 2017, the plaintiff, who is proceeding without a lawyer, filed her complaint. Dkt. No. 1. Along with the complaint, the plaintiff filed a motion asking the court to allow her to proceed with his case without paying the filing fee. Dkt. No. 2. For the reasons explained below, the court will dismiss the plaintiff's complaint without prejudice. The court will order her to file an amended complaint by March 17, 2017, more fully explaining the factual basis for her claims against the Kohn Law Firm. The court will defer ruling on the plaintiff's motion to proceed *in forma pauperis* until the court reviews the amended complaint, and determines whether the plaintiff can proceed on any of the claims in it.

Section 1915(e)(2)(B) requires a court to dismiss a case at any time if the court determines that it "(i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a

1

defendant who is immune from such relief." For this reason, district courts "screen" complaints filed by self-represented plaintiffs, to determine whether the complaint must be dismissed under these standards.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

Similarly, in order for a court to allow a plaintiff to proceed without paying the filing fee, the court must make two determinations: whether the plaintiff is unable to pay the filing fee, and whether the case is frivolous or malicious. 28 U.S.C. §§1915(a) and (d).

To state a cognizable claim for relief under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The plaintiff need not plead specific facts, and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To state a claim, a complaint must contain sufficient

factual matter, accepted as true, "that is plausible on its face." Id. (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). If there are well-pleaded factual allegations, the court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

In her complaint, the plaintiff alleges that she purchased "a Chapter 7 product from you." Dkt. No. 1, at 3. The plaintiff does not explain who she is referring to as "you." The court believes that she may be referring to the United States Bankruptcy Court, because she listed "US Bankruptcy" as a defendant. According to the plaintiff, the "product you sold to me was not a true product," and she states that "[m]y grievance with you is the amount of time I had to wait to pay off my debt." Id. at 3-4. She states that "it took twenty-two years to paid [sic] off a debt which could have been paid in less time." Id. at 3. The plaintiff also alleges that at some time after the plaintiff filed for Chapter 7 relief, the Kohn Law Firm began to contact her, apparently related to a debt. The plaintiff alleges that the Kohn Law Firm "came after me" and "profiled me through harassment. They would call me and say anti-black slogans, they even went straight to my payroll check and start to garnishing right away." Id. at 4. The plaintiff seeks $250,000 in damages. Id.

There are several problems with the plaintiff's complaint. First, she cannot sue the U.S. Bankruptcy Court. That court is part of the judicial branch of the Federal Government and, "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994). For that reason, the court dismisses all of the plaintiff's claims against the U.S. Bankruptcy Court.

Second, the court cannot find a federal cause of action arising from the plaintiff's factual allegations. She does not allege violations of the United States Constitution or federal laws.

Third, the plaintiff and the Kohn Law Firm both appear to be Wisconsin citizens, which means that the plaintiff's case cannot proceed in federal court under the diversity statute (28 U.S.C. §1332).

Fourth, the complaint does not provide detail for the allegations the plaintiff makes against the Kohn Law Firm. To the extent that the court can figure out the sequence of events the plaintiff refers to, it appears that those events began in 1992, over twenty-four years ago, which raises the question of whether the applicable statutes of limitations bar all of her claims against the Kohn Law Firm.

For the reasons explained above, the court will dismiss the plaintiff's complaint without prejudice under §1915(e)(2)(B). Because the plaintiff is proceeding without a lawyer, however, the court will give her one opportunity to file an amended complaint stating the full factual basis for her claims against the Kohn Law Firm, so that she can allege the specific facts that are relevant to

the claims she seeks to bring against the Kohn Law Firm and the injuries she believes she has suffered by its conduct. The court will give the plaintiff a specific amount of time in which to file her amended complaint. If, within that time, the plaintiff does not file an amended complaint, the court will dismiss her case without prejudice. The court will defer ruling on the plaintiff's motion to proceed *in forma pauperis* until the court determines whether the plaintiff can proceed on the claims in her amended complaint, if she chooses to file one.

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. §1915(e)(2)(B), because the U.S. Bankruptcy Court is immune from suit and because the complaint fails to state a claim on which relief can be granted against the Kohn Law Firm.

The court **ORDERS** that the plaintiff must file an amended complaint on or before **MARCH 17, 2017**. If the plaintiff does not file her amended complaint by that date, *the court will dismiss her complaint without prejudice, without further notice or hearing.*

Dated in Milwaukee, Wisconsin this 23rd day of February 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**