UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROSE MCCLAIN,

    Plaintiff,

v.                                        Case No. 17-cv-196-pp

US BANKRUPTCY and
KOHN LAW FIRM,

    Defendants.

**ORDER DISMISSING THE CASE,
AND DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT THE PREPAYMENT OF FEES (DKT. NO. 2)**

On February 23, 2017, the court issued an order screening the plaintiff's complaint. Dkt. No. 4. The court dismissed the complaint without prejudice under 28 U.S.C. §1915(e)(2)(B), because the United States Bankruptcy Court is immune from suit, because the plaintiff had not alleged a federal cause of action, because the plaintiff had not alleged diversity of citizenship of the parties, and because the complaint failed to state a claim against the Kohn Law Firm. Id. at 4. The court ordered the plaintiff to file an amended complaint on or before March 27, 2017, stating the "full factual basis for her claims against the Kohn Law Firm." Dkt. No. 4 at 4-5.

The plaintiff filed her amended complaint on March 17, 2017. Dkt. No. 5. Again, she made claims against the United States Bankruptcy Court and the

Kohn Law Firm, repeating the allegations that she made in the original complaint. Id. At this stage of the case, the court liberally construes the allegations of a plaintiff proceeding without the assistance of counsel. But the amended complaint did not correct any of the problems the court observed in the original complaint—the Bankruptcy Court remains immune from suit, the plaintiff has not stated a basis for federal jurisdiction, and she has not stated a cognizable claim against the Kohn Law Firm. Because the court may dismiss a case at any time if it fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from suit, the court will dismiss the case. 28 U.S.C. §1915(e)(2)(B).

The plaintiff expresses her dissatisfaction with a "Chapter 7" proceeding, and a debt that she believed was discharged in October of 1992. The court looked on PACER (Public Access to Court Electronic Records), and located a voluntary Chapter 13 petition filed by Rose M. McClain in the Southern District of Florida on March 10, 1992. In re McClain, Case No. 92-11443 (S.D. Fla.), Dkt. No. 1. The case converted to a Chapter 7 on January 15, 1993, and the debtor filed a motion for voluntary dismissal on March 12, 1993. Id. at dkt. nos. 13 and 24. After the bankruptcy court entered an order dismissing the case for a period of six months, the case was closed on June 29, 1993. Id. at dkt. no. 28.

The court located a second bankruptcy petition filed by Rose McClain under Chapter 7 in the Eastern District of Wisconsin Bankruptcy Court on February 10, 2016. In re McClain, Case No. 16-20968-beh, Dkt. No. 1. On

March 14, 2016, the Chapter 7 trustee filed a report of no distribution, stating that there was no property available for distribution from the estate above the exemption allowed by law. Bankruptcy Judge Beth Hanan entered a final decree on May 18, 2016, holding that the estate had been fully administered, and the plaintiff received her Chapter 7 discharge the same day. The clerk's office then closed the case.

The plaintiff, therefore, dismissed her Florida bankruptcy case, and she received her discharge in the Wisconsin bankruptcy case. Yet in her complaint, she asks for "complete compensation for the false product" that she was sold by the United States Bankruptcy Court. McClain v. U.S. Bankruptcy, *et al.*, Dkt. No. 5 at 4-5.

As explained in the court's February 23, 2017 order, the United States Bankruptcy Court, as the judicial branch of the Federal Government, cannot be sued unless it waives its immunity from suit. See Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 474 1994). For that reason, the court dismisses all of the plaintiff's claims against the United States Bankruptcy Court.

With respect to the Kohn Law Firm, the amended complaint does not mention the Kohn Law Firm until the second page of the statement of claim. The plaintiff alleges that the law changed in 2005, giving "the University the right to collect on school debts." Dkt. No. 5 at 4. She says that she "started to get phone calls in or around 2005 from the Kohn Law Firm" regarding a school debt that she had thought was discharged in 1992 because it was listed on her petition

3

(presumably the Florida petition). She indicates that the creditor took steps to garnish her wages, which lasted "another seven years."

Even if the court liberally construes the amended complaint, the plaintiff appears to be complaining that the Kohn Law Firm was attempting to collect a debt. If the plaintiff believes that the defendant was trying to collect a debt that had been discharged, she needs to bring that claim in the bankruptcy court. <u>See</u> 11 U.S.C. §524(c). (The court notes that the plaintiff did not receive a discharge in the Florida case, because she dismissed it before any discharge issued.) If the plaintiff believes that the Kohn Law Firm violated federal consumer debt protection laws in trying to collect the debt, she may have waited to long to bring her claim. Plaintiffs with claims alleging the improper pursuit of debt collection under the Fair Debt Collection Practices Act must bring those claims "within one year from the date on which the violation occurs." 15 U.S.C. §1692k(d). Aside from all this, the plaintiff states that she does not seek relief from the firm; rather, she is asking for "compensation" for the "false product" sold to her by the bankruptcy court. Dkt. No. 5 at 5. That statement circles back around to the fact that the bankruptcy court is not subject to suit.

In its prior order, the court explained to the plaintiff that in her amended complaint, she needed to provide a short and plain statement of her claim. Dkt. No. 4 at 2. Instead, the amended complaint repeats the same allegations that the plaintiff made in the original complaint. As the court indicated in the screening order, it does not have diversity jurisdiction because the plaintiff and

4

the Kohn Law Firm appear to be citizens of the same state. 28 U.S.C. §1332. Further, the plaintiff has failed to identify facts that would support a claim under the Constitution, laws, or treaties of the United States. 28 U.S.C. §1331.

The court **ORDERS** that the amended complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii), because the United States Bankruptcy Court is immune from suit; the plaintiff has not alleged violations of federal laws or the federal Constitution; the court does not have diversity jurisdiction; and the complaint fails to state a claim upon which relief can be granted against the Kohn Law Firm. Dkt. No. 5. The court **ORDERS** that this case is **DISMISSED**, and **DENIES** as moot the plaintiff's motion for leave to proceed without prepayment of the filing fee, dkt. no. 2.

Dated in Milwaukee, Wisconsin, this 25th day of April, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge